UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

FEB 20 2026

Nathan Ochsner, Clerk of Court

**MATHEW BOYD ELDRETH**, Pro Se
Plaintiff,

v.

**HARRIS COUNTY, TEXAS;**

**CITY OF HOUSTON, TEXAS;**

**NICOLE WASHINGTON,**
*Harris County Assistant District Attorney*,
Sued in her Individual Capacity;

**MICHELLE WOJCIK,**
*Harris County District Clerk's Office,*
Sued in her Individual Capacity;

**PAUL MARTINEZ,**
*Records Manager, Office of the County Engineer,*
Sued in his Individual Capacity;

**OFFICER B. M. BULLIN**, Unit/ID #12D13N,
*Arresting Officer*, Sued in his Individual Capacity;

**OFFICER C. C. FLORES**, Unit/ID #12D13N,
*Arresting Officer*, Sued in his Individual Capacity;

**JOHN DOES 1-10,**
*Unidentified Municipal Employees,*
Sued in their Individual Capacities;

Defendants.

§
§
§
§
§ Civil Action No.
§ _____
§
§
§ **JURY TRIAL DEMANDED**
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

## PLAINTIFF'S ORIGINAL COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF (42 U.S.C. § 1983)

### I. PRELIMINARY STATEMENT

1. This is a civil rights action for damages and injunctive relief arising from the warrantless seizure of Plaintiff from the protected curtilage of his home, his

subsequent 41-day unconstitutional over-detention, and permanent physical disfigurement resulting from deliberate indifference to serious medical needs. During the arrest, HPD officers commented that Plaintiff's silence "sure made him look guilty," a statement Plaintiff expects to verify upon the release of body-worn camera footage.

2. This case centers on a "Biological Impossibility" created by systemic data corruption. Plaintiff—a 6'01" Caucasian male—was held under the identity of "Aurelio Garcia," a 5'04" Latino alias. During this detention, Defendants received an initial Affidavit of Non-Prosecution (ANP) that was not processed; Plaintiff was only released after a second ANP was submitted much later.

3. When Plaintiff sought to obtain records related to this matter, state actors engaged in administrative acts, including the separation of correspondence and telephonic contact, that resulted in the hindrance of the discovery of evidence.

## II. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

5. Venue is proper under 28 U.S.C. § 1391(b) as all events giving rise to these claims occurred in Harris County, Texas.

## III. THE PARTIES

6. Plaintiff **MATHEW BOYD ELDRETH** is a resident of Harris County, Texas.

7. Defendant **HARRIS COUNTY, TEXAS** is a municipal corporation responsible for the policies, practices, and customs of the Harris County Sheriff's Office, the

District Attorney's Office, the District Clerk's Office, and the Office of the County Engineer.

8. Defendant **CITY OF HOUSTON, TEXAS** is a municipal corporation responsible for the policies, practices, and customs of the Houston Police Department (HPD).

9. Individual Defendants are state actors sued in their **Individual Capacity** to pursue punitive damages for conduct that violated clearly established constitutional rights.

10. **JOHN DOES 1-10** are unidentified municipal employees. Plaintiff will move to name these individuals once their identities are revealed through discovery.

## IV. STATEMENT OF FACTS

11. **RESERVATION OF RIGHTS:** Plaintiff is currently litigating multiple active Texas Public Information Act (TPIA) requests. Because Defendants have withheld critical records, Plaintiff reserves the right to amend this Complaint under Fed. R. Civ. P. 15 as data is obtained.

12. On February 23, 2024, HPD Officers Bullin and Flores seized Plaintiff within the protected curtilage of his home without a warrant or probable cause investigation. During the encounter, officers commented that Plaintiff's silence, which was caused by severe facial fractures, "sure made him look guilty."

13. HPD officers relied on a disputed "medical clearance" noted at 1:09 AM (Exhibit L). This clearance is contradicted by the Magistrate's Order (Exhibit P, p. 74), which documents that the Jail Nurse immediately rejected Plaintiff's intake due to the severity of his facial fractures.

14. Despite HPD possessing Plaintiff's correct height of 6'01" at the time of arrest (Exhibit H), Defendants booked Plaintiff under the alias "Aurelio Garcia," a 5'04" Latino male.

15. Defendants received an initial ANP early in the detention which resulted in no action. Plaintiff was detained for a total of 41-days until a second in-person ANP was filed (Exhibit N).

16. In January 2026, Defendant Washington admitted in writing that while the "Garcia" alias appeared on official subpoenas, no metadata or creation logs exist (Exhibit A).

17. On January 27, 2026, exactly 111 minutes after Plaintiff filed a records request regarding this corruption, he received unsolicited phone calls from the Harris County Warrants Division (Exhibit J).

18. **Factual Evidence of Administrative Obstruction and Record Loss:** In January 2026, Defendant Washington initiated a request for an Attorney General ruling, asserting nineteen (19) exceptions to withhold ministerial logs. Observing that these nineteen exceptions were facially unrelated to the requested timestamps, Plaintiff provided a formal rebuttal narrowing the scope for clarity and informed Defendant Washington that he would notify the Attorney General of the broad and unrelated nature of her initial claims. Shortly after being informed that her actions would be reported to the Attorney General's office, Defendant Washington initiated a secondary, separate correspondence thread with the Attorney General, abandoning eighteen of her previous claims and reducing the exceptions to a single exception which remained unrelated to the narrowed request. Within this second correspondence, Defendant Washington admitted that following a diligent search, her office was unable to locate

metadata or audit logs for the "Aurelio Garcia" alias (Exhibit A). Because this alias information was previously utilized by the District Attorney's office in court-filed subpoenas, such metadata necessarily existed; its current absence constitutes factual evidence of data loss or deletion. Furthermore, as of January 19, 2026, more than ten business days have elapsed since the narrowed request was submitted without production or a valid petition to the Attorney General regarding that specific scope. Consequently, under **Tex. Gov't Code § 552.302**, these records are now legally presumed to be public information. Plaintiff submits these facts as evidence of a pattern of administrative obstruction and a failure to maintain professional records, creating a well-founded concern that critical exculpatory evidence is at risk of further deletion or corruption.

## V. CAUSES OF ACTION

19. **COUNT I: 14th Amendment - Unconstitutional Over-Detention (Monell).**

20. **COUNT II: 14th Amendment - Deliberate Indifference to Serious Medical Needs.**

21. **COUNT III: 1st Amendment - Coordinated Retaliation and Obstruction (Monell).**

22. **COUNT IV: 4th Amendment - Unlawful Seizure / Warrantless Arrest (Curtilage Violation).**

## VI. PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court:

    1. Issue a Permanent Injunction ordering Defendants to purge the fraudulent "Aurelio Garcia" alias data from Plaintiff's records;
    2. Award Compensatory Damages for physical pain, suffering, and lost liberty;
    3. Award Punitive Damages against all Individual Defendants;
    4. Grant such other relief as the Court deems just.

## PLAINTIFF DEMANDS A TRIAL BY JURY.

Respectfully Submitted,

*/s/ Mathew Eldreth*

**MATHEW BOYD ELDRETH**, Plaintiff Pro Se
9127 Freeland Street
Houston, TX 77075
Phone: (346) 298-0298
Email: Mathew.Eldreth@gmail.com