United States Courts
Southern District of Texas
F I L E D

FEB 2 0 2026

Nathan Ochsner, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MATHEW BOYD ELDRETH, Pro Se | § | Civil   Action   No. |
| Plaintiff, | § | __4:26cv1418__ |
| v. | § | |
| HARRIS COUNTY, TEXAS, et al. | § | **JURY TRIAL DEMANDED** |
| Defendants. | § | |
| | § | |

## PLAINTIFF'S DECLARATION UNDER 28 U.S.C. § 1746

I, Mathew Boyd Eldreth, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. My name is Mathew Boyd Eldreth. I am over the age of eighteen (18), of sound mind, and capable of making this declaration. I am the Plaintiff in the above-referenced matter, and the facts stated herein are within my personal knowledge.

2. On February 23, 2024, I arrived at my home and intervened in a verbal argument between my twin brother and his wife. During the resulting confrontation, I sustained severe facial trauma, including a broken nose and a fractured orbital socket.

3. When Houston Police Department (HPD) officers arrived, I was standing on my front porch, approximately one foot from my door, within the protected curtilage of my home. Officers commanded me to step off the porch and immediately placed me in handcuffs.

4. While detained in the patrol vehicle, an officer commented that my silence "sure made me look guilty." My silence was the direct result of the severe injuries I had sustained.

5. HPD officers relied on a disputed "medical clearance" noted at 1:09 AM (Exhibit L) to justify my transport to jail, despite my deteriorating physical condition.

6. Upon arrival at the Joint Processing Center (JPC), the intake nurse refused to book me due to the severity of my injuries (Exhibit P). I was subsequently transported to LBJ Hospital, where I was admitted at 3:30 AM for emergency treatment (Exhibit F).

7. During my subsequent 41-day detention, an initial Affidavit of Non-Prosecution (ANP) was submitted to the District Attorney's office but was not processed. I remained incarcerated until a second in-person ANP was filed much later, resulting in my immediate release.

8. In January 2026, Assistant District Attorney Nicole Washington admitted in writing that while the "Garcia" alias was used on official subpoenas, no creation logs or metadata for the alias exist (Exhibit A).

9. On January 27, 2026, I submitted a formal records request directed to the Public Defender's Office seeking documents to investigate the initial processing delay of the ANP and potential references to the "Garcia" alias.

10. Exactly 111 minutes after filing this request, I received unsolicited phone calls from the Harris County Warrants Division. I messaged through the portal demanding that all communications be done in writing through the portal messaging system so that everything would be documented on the record.

11. I explicitly stated that if the Public Defender's Office was not the correct custodian of records, they must forward the request to the correct department. Immediately following my demand for a recorded messaging record, the agency closed my request, stating they were not the correct custodian, and failed to forward the request to the proper department as required.

12. Following my review of correspondence from Assistant District Attorney Nicole Washington to the Office of the Attorney General—which addressed exceptions for records other than the ministerial administrative logs I sought—I narrowed my request to focus exclusively on those logs and receipt timestamps. More than ten business days have elapsed since the Harris County District Attorney's Office received this narrowed request. I have not received the requested logs, nor have I been provided with notice of any subsequent petition to the Attorney General regarding this specific narrowed scope. To date, the administrative records documenting the receipt of the initial Affidavit of Non-Prosecution remain withheld.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 20, 2026.

MATHEW BOYD ELDRETH, Plaintiff Pro Se
9127 Freeland Street
Houston, TX 77075